ANTHONY FORZANO, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Forzano v. Commissioner
Docket No. 33170-85.
United States Tax Court
T.C. Memo 1986-259; 1986 Tax Ct. Memo LEXIS 353; 51 T.C.M. (CCH) 1266; T.C.M. (RIA) 86259; June 23, 1986. Anthony Forzano, Jr., pro se. Terence D. Woolston, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: Respondent's "Motion to Dismiss for Lack of Jurisdiction and to Strike as to Taxable Years 1978, 1979, 1981 and 1982" was filed on November 8, 1985. In his motion respondent claims that petitioner failed to file his petition *354 within the statutory period prescribed by sections 6213(a) and 7502. [1] A hearing was held on respondent's motion at Phoenix, Arizona, on May 12, 1986. At the conclusion of the hearing, respondent's motion was taken under advisement. On April 2, 1985, respondent mailed a notice of deficiency to petitioner at "Box 221, Yarnell, Arizona" in which he determined the following deficiencies and additions to tax. Additions
Year
Deficiency
6653(a)
6653(a)(1)
6653(a)(2)
6659
6661
1978
$1,510.56
$75.53
$453.16
1979
392.00
19.60
1981
6,147.00
$307.35
50% of in-
terest due
on $6,147.00
1982
8,322.00
416.10
50% of in-
$832.20
terest due on
$8,322.00
Petitioner received the notice of deficiency mailed on April 2, 1985. A separate notice of deficiency for the taxable year 1983 was mailed to petitioner on June 3, 1985. A petition alleging error with respect to each of these taxble *355 years was received by the Court on August 29, 1985. The petition was mailed by certified mail on August 26, 1985. Our jurisdiction in this matter depends upon petitioner's filing a timely petition with this Court. ; . Unless the notice of deficiency is addressed to a person outside the United States, section 6213(a) requires that a petition be filed within 90 days after the notice of deficiency is mailed. Here, the address of the notice of deficiency was within the United States, and the petition was filed, more than 90 days after the mailing of the April 2, 1985, notice of deficiency. Consequently, the petition as it relates to the notice of deficiency mailed on April 2, 1985, is untimely. Petitioner argues that he received a second notice of deficiency for the taxable years 1978, 1979, 1981 and 1982 mailed on May 29, 1985, and that his petition was timely from that notice of deficiency. [2] The second notice of deficiency was purportedly mailed to Phillip Hurlbut ("Hurlbut"), petitioner's accountant. [3] For the reasons discussed below, we reject *356 petitioner's contention. *357 Hurlbut, who testified at the hearing on respondent's motion, could not specifically remember receiving the notice of deficiency dated May 29, 1985. Neither Hurlbut nor petitioner could produce the original copy of this notice of deficiency or adequately account for its disappearance. Respondent's agent, Gary A. Heitman, searched for a record of mailing the alleged second notice of deficiency and found no evidence that this notice was mailed. On the basis of this record we conclude that a second notice of deficiency was not mailed to Hurlbut on May 29, 1985, and that the petition as it relates to the taxable years subject to the April 2, 1985, notice of deficiency was untimely under section 6213(a). Accordingly, we grant respondent's motion to dismiss for lack of jurisdiction as to the taxable years 1978, 1979, 1981 and 1982. [4]
To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years at issue. All rules references are to the Tax Court Rules of Practice and Procedure.↩
2. We do not make any determination as to the validity of a second notice of deficiency mailed prior to the expiration of the statutory period for filing a petition with this Court where a timely petition is not filed relating to the first notice of deficiency. At least one commentator has suggested that such a second notice would be invalid. 1 Casey, Federal Tax Practice, sec. 6.22, p. 504 (1982). ↩
3. Petitioner had executed two Forms 2848, Powers of Attorney and Declarations of Representative, naming Hurlbut as his representative to receive copies of notices and other written communications from the Internal Revenue Service. The Form 2848 relating to taxable years 1981 and 1982 also provided that "[t]he IRS is advised to contact the taxpayer only through the above-noted attorney-in-fact." The Form 2848 were not properly executed. Under these circumstances the information purportedly mailed to Hurlbut would have resulted in unauthorized disclosure of return information. Secs. 6103(a), 6103(c). There is a rebuttable presumption that when an official acts he has performed any underlying duties necessary to validate the action. . In the absence of evidence to the contrary, we will not presume that respondent's officials mailed return information to Hurlbut in violation of sec. 6103(a).↩
4. The petition was timely filed for the notice of deficiency mailed on June 3, 1985, reflecting a deficiency and additions to the tax for taxable year 1983, and we do have jurisdiction to make a determination as to that year.↩